# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

DOROTHY BIZZLE,

           Plaintiff,

v.                                                    Case No. 08-CV-351

MICHAEL J. ASTRUE,
Commissioner of Social Security,

           Defendant.

_____

## ORDER

       The plaintiff, Dorothy Bizzle ("Bizzle"), filed this action for judicial review of the final decision of the Commissioner of Social Security denying her application for Social Security Disability Insurance benefits and Supplemental Security Income benefits. Bizzle alleges disability beginning in March 2003 and arising from physical pain and depression. For the reasons set forth below, the court finds that the decision of the Commissioner is supported by substantial evidence and will affirm the decision.

## BACKGROUND

       Bizzle filed for Social Security Disability Insurance and Supplemental Social Security Income on July 29, 2003 (Tr. 53-55, 442-44). The Commissioner denied Bizzle's initial application and upon reconsideration, leading her to request a hearing. (Tr. 31). Bizzle appeared for her hearing before an Administrative Law Judge on October 11, 2006. (Tr. 37-50). The ALJ determined that Bizzle was not disabled under step four of the sequential evaluation process because she was capable of

performing her past work as a home healthcare aide. (Tr. 13-18). The Appeals Council denied review of the decision and Bizzle filed suit in this court on April 25, 2008. (Tr. 4-9).

Bizzle was 58 years old at the time of her hearing before the ALJ. (Tr. 53). At that point, she was working approximately ten hours per week providing paid care for her disabled adult son. (Tr. 460-61). Bizzle completed high school and had other previous employment, including retail sales and home healthcare for her mother prior to her death in 2002. (Tr. 462-64). Bizzle possesses a valid driver's license and takes her son to medical appointments and picks up his prescriptions. (Tr. 460-61). Bizzle also cares for her son by making sure he takes his medications, doing his grocery shopping, supervising his cooking, and assisting him in bathing. (Tr. 461, 469). Bizzle testified that she is able to prepare simple meals and attend to her own personal needs, but is unable to complete many other household chores such as washing dishes, vacuuming, or yard work. (Tr. 470-71). She also reports depression, anxiety, stress, nervousness, trouble concentrating and problems sleeping throughout the night. (Tr. 472, 478-80). Bizzle has a history of treatment for depression and related psychological issues. (Tr. 115, 144-53, 186-90, 292-338, 434).

Bizzle complains of generalized pains spanning the majority of her body, including her shoulders, arms, lower back, hands, knees, and feet. (Tr. 468). She has sought treatment for her various pains, headaches and myalgias and her

complaints have been treated with medications. (Tr. 115-119, 264). Bizzle takes prescription oxycodone at night, hypertension medication every morning, and over-the-counter ibuprofen once a day. (Tr. 467, 490). Shortly before her hearing in front of the ALJ, Bizzle underwent two surgeries, a carpal tunnel surgery on her left wrist and a surgical repair to her left thumb. (Tr. 365-66, 376-77, 471). Bizzle also testified to having little strength in her left hand, affecting her ability to grip and grasp. (Tr. 472, 485).

## ANALYSIS

The Social Security Act provides that "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Accordingly, the court will uphold an ALJ's decision if it is supported by substantial evidence. *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004). An ALJ's decision is supported by substantial evidence if the ALJ identifies supporting evidence in the record and adequately discusses the issues. *Golembiewski v. Barnhart*, 322 F.3d 912, 915 (7th Cir. 2003). Evidence is substantial if it is sufficient for a reasonable person to accept as adequate to support the decision. *Jens v. Barnhart*, 347 F.3d 209, 212 (7th Cir. 2003). To determine if substantial evidence supports the ALJ's decision, the court reviews the record as a whole but is not allowed to substitute its judgment for the ALJ's by reconsidering facts, re-weighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Id*. Where, as here, the ALJ denies benefits, the ALJ must "build an

accurate and logical bridge from the evidence to his conclusion." *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000). The court need not do a written evaluation of every piece of evidence, but the ALJ must articulate his or her assessment of the evidence so that the court may trace the ALJ's reasoning. *See Rohan v. Chater*, 98 F.3d 966, 971 (7th Cir. 1996).

To qualify for disability benefits under the Social Security Act, the claimant must be unable "to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." *Briscoe v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005) (quoting 42 U.S.C. § 423(d)(1)(A)). The Social Security regulations create a five-step, sequential test for determining whether a claimant is disabled. *Id.* Under this test, the administrative law judge must address the following questions: 1) Is the claimant presently employed? 2) Is the claimant's impairment severe? 3) Do the impairments meet or exceed any of the specific impairments the Secretary acknowledges to be conclusively disabling? 4) Have the claimant's impairments limited his or her remaining or residual functional capacity so that he or she is no longer able to perform the demands and duties of a former occupation? 5) Is the claimant unable to perform any other work in the national economy given his or her age, education and work experience? *Wolfe v. Shalala*, 997 F.2d 321, 322-23 (7th Cir. 1993). If the ALJ reaches a negative conclusion at any step, other than at step

-4-

three, this conclusion precludes a finding of disability. *Id.* at 323. In the instant case, the ALJ determined that Bizzle was not disabled at step four because she is capable of performing her past relevant work as a healthcare aide. (Tr. 18).

Bizzle disputes the ALJ's finding and argues that it is not based on substantial evidence. She first argues that the ALJ failed to give controlling weight to the opinions of her treating sources and failed to assess or discuss these opinions in reaching a decision. Specifically, Bizzle objects to the ALJ's failure to account for the following assessments and opinions: 1) a functional capacity evaluation approved by her physician, Dr. Lisa Wolf; 2) a medical assessment form completed by psychiatrist Dr. Arun Parikh; 3) a capacity assessment form completed by psychologist Dr. Paul Voelkel; and, 4) a letter authored by psychologist Dr. Sebastian Ssempijja. Bizzle asserts that the ALJ wrongly ignored the full extent of her physical and mental limitations in concluding that she could perform work as a home healthcare aide.

An ALJ must give controlling weight to the opinion of a treating physician only when that opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is consistent with substantial evidence in the record." *Ketelboeter v. Astrue*, 550 F.3d 620, 625 (7th Cir. 2008). If the opinion is based solely on the patient's subjective complaints or is internally inconsistent, then the ALJ may discount it. *Id.* However, a claimant is not entitled to benefits simply because her treating physician opines she is disabled and unable to work, but rather,

the Commissioner decides whether the claimant is disabled. *Dixon v. Massanari*, 270 F.3d 1171, 1177 (7th Cir. 2001). The treating physician's opinion is important because she has observed the claimant over time. *Ketelboeter*, 550 F.3d at 625. However, that treating physician's opinion may be unreliable if the doctor is sympathetic with the patient and, therefore, too quick to find disability. *Id*.

The court finds that the ALJ properly considered Bizzle's medical history and treatment notes in reaching her disability determination. Bizzle first argues that the ALJ erred in rejecting Dr. Wolf's conclusion in her 2006 functional capacity evaluation (FCE) that Bizzle "would be challenged to perform sedentary work." (Tr. 451). The FCE was completed by Bizzle's physical therapist and signed off on by Bizzle's treating physician, Dr. Wolf. (Tr. 451-54). The ALJ explains her rejection of this conclusion by noting that the FCE relies primarily upon Bizzle's reduced ability to use her left hand, a medical issue expected to improve after her recent surgery. (Tr. 17). However, Bizzle argues that the ALJ wrongly ignored the other limitations noted in the FCE regarding her ability to stand, sit, walk, twist, bend and kneel. The FCE specifies that Bizzle can sit for four hours, stand for two hours, and walk for two hours in an eight hour period. (Tr. 452). It also specifies, through check-marks, that Bizzle can twist, bend, and kneel "occasionally." (Tr. 452). However, the portion of the FCE explaining the physical therapist's recommendations clearly emphasizes Bizzle's left hand limitations. Thus, the ALJ's assessment of the functional evaluation is justified. Further, Dr. Wolf's previous determinations contradict the FCE. In May

-6-

2004, Dr. Wolf concluded that Bizzle "does not meet criterion for disability due to physical disease." (Tr. 261).

Bizzle next objects to the ALJ's conclusion that her psychological conditions do not prevent her from working. She argues that the ALJ failed to consider Dr. Parikh's mental impairment assessment form in making the determination. Instead, the ALJ cites to progress notes by Dr. Parikh stating that Bizzle's depression and other disorders were in remission or resolved and that her current mental status was "brighter." (Tr. 17). Bizzle argues that the ALJ wrongly erred in relying upon these isolated notes rather than considering the treatment form or the fact that she continues to receive treatment and has not been taken off prescription medication. However, the ALJ relies upon legitimate evidence and her decision does not lack substantial supporting evidence. First, the court cannot find the ALJ's conclusion unjustified simply because Bizzle continued receiving mental health treatment and medications. Second, the mental health impairment medical assessment form completed by Dr. Parikh does not compel a finding of disability. The form does not rate Bizzle as "unable to meet competitive standards" in any category of "mental abilities and aptitude needed to work," and only rates her as "seriously limited, but not precluded" in three of the eleven categories. (Tr. 289). Therefore, the ALJ did not err in failing to specifically mention the assessment form, nor did the ALJ err in her ultimate conclusion regarding Bizzle's mental health limitations on this basis.

Bizzle also points to the capacity assessments of psychologists Dr. Voelkel and Dr. Ssempijja as treating physician opinions not properly considered by the ALJ. However, Dr. Voelkel's assessment, dated September 2003, specifies that the listed restrictions only remain in effect until December 2003, nearly three years before Bizzle's hearing. Therefore, the assessment is of questionable value. Similarly, Dr. Ssempijja's letter provides no specific explanation of Bizzle's limitations other than the statement: "I don't see her as able to meaningfully sustain a job away from home." (Tr. 125). Further, the letter does not indicate that any of Bizzle's then-current limitations would continue into the indefinite future, stating only that "her prognosis seems guarded and dependent upon the range of psychiatric support she gets in Racine." (*Id.*). Therefore, the ALJ's decision not to specifically mention or rely upon these documents does not constitute error and does not render the ALJ's decision unsupported by substantial evidence.

Bizzle also contests the ALJ's finding that her testimony regarding symptoms was not credible. However, an ALJ's credibility determination is entitled to special deference and will not be disturbed unless it is patently wrong. *Diaz v Chater*, 55 F.3d 300, 308 (7th Cir. 1995). Review of credibility determinations made by ALJ's of the Social Security Administration is highly limited because the court "lacks direct access to the witnesses, lacks the trier's immersion in the case as a whole, and when reviewing decisions by specialized tribunals also lacks the trier's experience

-8-

with the type of case under review." *Carradine v. Barnhart*, 360 F.3d 751, 753 (7th Cir. 2004).

When an ALJ evaluates the credibility of testimony and complaints, there are several factors to consider; including: the absence of an objective medical basis supporting the degree of severity of subjective complaints alleged; the claimant's daily activity; the duration, frequency, and intensity of pain; the precipitating and aggravating factors; dosage, effectiveness, and side effects of medication; and, functional restrictions. *Scheck v. Barnhart*, 357 F.3d 697, 703 (7th Cir. 2004)); *see also* SSR 96-7p. After evaluation of these factors, an ALJ may find a claimant's symptoms not credible even where there is a medically determinable impairment that could reasonably be expected to produce the symptoms the complainant alleges. *See Scheck*, 357 F.3d at 701-03 (7th Cir. 2004)).

The ALJ in the instant case considered the relevant factors before deeming Bizzle's testimony about the limitations caused by her symptoms "not entirely credible." (Tr. 16). The ALJ noted that Bizzle was able to complete all activities required for her current employment providing home healthcare for her disabled son. (Tr. 17). The ALJ also considered the nature of Bizzle's wrist issues and the potential for permanent limitations, the lack of objective medical evidence regarding her other claimed symptoms such as myalgias and headaches, and the treatment proscribed for her claimed ailments. (Id.). Given the ALJ's consideration of these factors, the court cannot find that the credibility determination was "patently wrong."

The record sufficiently supports the ALJ's conclusion that Bizzle's claims were not credible.

Finally, Bizzle argues that the ALJ failed to account for each of her limiting medical conditions, including headaches, a knee condition and a bi-lateral foot condition. This failure is problematic, Bizzle asserts, because it lead the ALJ to incorrectly conclude that Bizzle is capable of performing her past relevant work as a home healthcare aide. As the court stated above, the ALJ did not err in labeling Bizzle's claims of other physical impairments "not entirely credible" before determining that these additional impairments are "not so incapacitating that she is unable to perform light work." (Tr. 17). The ALJ determined that Bizzle's claimed limitations did not preclude her from performing light work. Thus, the ALJ's conclusion that Bizzle could perform her past work as a home healthcare aide is supported by substantial evidence.

In conclusion, a review of the record reveals that the ALJ identified specific evidence supporting her decision, adequately discussed the relevant issues, and built an accurate and logical bridge between the evidence and her decision. *See Clifford*, 227 F.3d at 872; *Golembiewski*, 322 F.3d at 915. Therefore, the court concludes that substantial evidence supports the ALJ's decision, and a remand pursuant to sentence four of 42 U.S.C. § 405(g) is not warranted.

Accordingly,

**IT IS ORDERED** that the decision of the Commissioner denying the plaintiff's application for disability insurance benefits and supplemental security income be and the same is hereby **AFFIRMED**;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED** with prejudice.

The clerk of court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 29th day of July, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge